UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

YAKOV GOLDBERG,
LEVAN MAGALASHVILI

DOCKET# 16-cv-3894

COMPLAINT

        Plaintiff,
-against-

BESTCARE, INC.

        Defendants.
------------------------------------------------------------X

  Plaintiffs, YAKOV GOLDBERG, LEVAN MEGALASHVILI by and through their attorneys, David A. Feinerman, Esq., as and for a Complaint against the Defendants alleges, upon information and belief, that at all times hereinafter mentioned:

## THE PARTIES

1. Plaintiff Yakov Goldberg was a natural person residing at 2387 Ocean Avenue, apt. 6L, Brooklyn, NY 11229. ("Yakov").

2. Plaintiff Levan Magalashvili was a natural person residing at 4232 Bedford Avenue, 1st floor, Brooklyn, NY 11229. ("Levan").

3. Defendant Bestcare, Inc. is a duly formed New York corporation operating out of and with an office at 3000 Hempstead Turnpike, Levittown, NY 11756 ("Bestcare").

4. The individual principals of Bestcare exercised full and complete control over Bestcare.

## THE BACKGROUND FACTS

1

5. Bestcare was and is in the business of, *inter alia*, providing home health care aide services to the elderly and disabled.

6. Yakov was hired by Defendant in 2011 as a home health aide and continues his employment until now.

7. Levan was hired by Defendant in 2004 as a home health aide and continued his employment until September of 2014.

## JURISDICTIONAL STATEMENT

8. This court has jurisdiction over this action pursuant to 29 U.S.C. 201. This is an action to recover unpaid wages, regular and overtime compensation, liquidated damages, costs and attorneys fees pursuant to the Fair Labor Standards Act of 1938 as Amended, 29 U.S.C. 201, *et seq.*,.

9. Venue lies in the Eastern District of New York pursuant to 29 U.S.C. 216 (b) in that the acts and omissions giving rise to this action occurred in Brooklyn, New York, in the Eastern District of New York.

## JURY DEMAND

10. Plaintiffs demand a trial by jury.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS VIOLATION OF FLSA (YAKOV GOLDBERG)

11. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-16 above with the same force and effect as if more fully set forth herein.

12. At all times mentioned herein, Defendants had at least two (2) employees engaged in commerce.

13. At all times mentioned herein, the activities of the Defendants were related and performed through common control for a common business purpose, and constituted an enterprise within the meaning of §3(r) of the FLSA (28 U.S.C. §203[r]).

14. At all times mentioned herein, Defendants' employees (including Plaintiff) participated in the rendering of services to other individuals, and participated in financial transactions involving the interstate banking and finance systems.

15. At all times mentioned herein, the annual dollar volume of business of Defendants exceeded $500,000.00.

16. Yakov typically worked for roughly seventy two (72) hours per week.

17. Yakov provided home health care aide services – other than companion services – to his assigned patient including, without limitation, doing laundry, shopping, cleaning the apartment, cooking, feeding and bathing the patient. These services took up more than twenty percent (20%) of the time Yakov spent with the patient.

18. Yakov's base pay was $9 per hour.

19. At all material times mentioned herein, Defendants failed and refused to pay to Yakov the mandated overtime pay of a minimum $13.50 for overtime work in excess of 40 hours worked per week.  The mandated pay of rate is 1.5 times the straight rate at the time of employment

20. Defendants' systematic and ongoing failure to pay legally mandated overtime wages was not the result of a good faith mistake.

21. Based upon the foregoing, Yakov has been damaged – and Defendants are liable – in an amount to be determined at trial but not less than $14,976 plus liquidated damages (for

unpaid overtime wages) of not less than $14,976 plus attorney's fees, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS VIOLATION OF WAGE THEFT PREVENTION ACT (YAKOV GOLDBERG)

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-22 above with the same force and effect as if more fully set forth herein.

23. Defendants as employers in New York State, are subject to the New York Labor Laws in general and to the Wage Theft Prevention Act in particular.

24. The Wage Theft Prevention Act ("WTPA"), *inter alia*, (i) prohibits employers from failing and refusing to pay duly earned and owing wages to employees and (ii) requires that the employer provide each employee - at the time of hire, at the time of any changes to employee/employer/wages information and every year prior to February 1 - with a notice setting forth thereon the rate and other details of pay for such employee.

25. Defendants herein have failed and refused to properly pay Yakov and have failed to properly provide to him with the required notices under WTPA.

26. Based upon the foregoing, Yakov has been damaged – and Defendants are liable – in an amount to be determined at trial but not less than $14,976 plus liquidated damages (for unpaid overtime wages) of not less than $14,976 plus statutory attorney's fees, costs and disbursements in an amount to be determined at trial, as well as statutory penalties of not less than $5,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS VIOLATION OF NEW YORK STATE LABOR LAW (YAKOV GOLDBERG)

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-26 above with the same force and effect as if more fully set forth herein.

28. Defendants are employers in the State of New York and thus are subject to the New York State Labor Laws in general and the Minimum Wage Act, *inter alia*.

29. Yakov typically worked for roughly seventy two (72) hours.

30. Yakov provided his home health care aide services to her assigned patient including, without limitation, doing laundry, shopping, cleaning the apartment, cooking, feeding and bathing the patient. These services took up more than twenty percent (20%) of the time yakov spent with the patient.

31. Nataliya's base pay was $9 per hour

32. At all material times mentioned herein, Defendants failed and refused to pay to Nataliya the mandated overtime pay of a minimum $13.50 for overtime work in excess of 40 hours worked per week. The mandated pay of rate is 1.5 times the straight rate at the time of employment.

33. Defendants' systematic and ongoing failure to pay legally mandated overtime wages was not the result of a good faith mistake.

34. Based upon the foregoing, Yakov has been damaged – and Defendants are liable – in an amount to be determined at trial but not less than $14,976 plus liquidated damages (for unpaid overtime wages) of not less than $14,976 plus attorney's fees, costs and disbursements.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### VIOLATION OF FLSA (LEVAN MAGALASHVILI)

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-34 above with the same force and effect as if more fully set forth herein.

36. At all times mentioned herein, Defendants had at least two (2) employees engaged in commerce.

37. At all times mentioned herein, the activities of the Defendants were related and performed through common control for a common business purpose, and constituted an enterprise within the meaning of §3(r) of the FLSA (28 U.S.C. §203[r]).

38. At all times mentioned herein, Defendants' employees (including Plaintiff) participated in the rendering of services to other individuals, and participated in financial transactions involving the interstate banking and finance systems.

39. At all times mentioned herein, the annual dollar volume of business of Defendants exceeded $500,000.00.

40. Levan typically worked for roughly forty eight (48) hours per week.

41. Levan provided home health care aide services – other than companion services – to his assigned patient including, without limitation, doing laundry, shopping, cleaning the apartment, cooking, feeding and bathing the patient. These services took up more than twenty percent (20%) of the time Levan spent with the patient.

42. Levan's base pay was $10 per hour.

43. At all material times mentioned herein, Defendants failed and refused to pay to the mandated overtime pay of minimum $15.00 for overtime work in excess of 40 hours worked per week. The mandated pay of rate is 1.5 times the straight rate at the time of employment.

44. Defendants' systematic and ongoing failure to pay legally mandated overtime wages was not the result of a good faith mistake.

45. Based upon the foregoing, Levan has been damaged – and Defendants are liable – in an amount to be determined at trial but not less than $10,400 plus liquidated damages (for unpaid overtime wages) of not less than $10,400 plus attorney's fees, costs and disbursements.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS VIOLATION OF WAGE THEFT PREVENTION ACT (LEVAN MAGALASHVILI)

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-47 above with the same force and effect as if more fully set forth herein.

47. Defendants as employers in New York State, are subject to the New York Labor Laws in general and to the Wage Theft Prevention Act in particular.

48. The Wage Theft Prevention Act ("WTPA"), *inter alia*, (i) prohibits employers from failing and refusing to pay duly earned and owing wages to employees and (ii) requires that the employer provide each employee - at the time of hire, at the time of any changes to employee/employer/wages information and every year prior to February 1 - with a notice setting forth thereon the rate and other details of pay for such employee.

49. Defendants herein have failed and refused to properly pay Levan and have failed to properly provide to her with the required notices under WTPA.

50. Based upon the foregoing, Levan has been damaged – and Defendants are liable – in an amount to be determined at trial but not less than $10,400 plus liquidated damages (for unpaid overtime wages) of not less than $10,400 plus statutory attorney's fees, costs and disbursements in an amount to be determined at trial, as well as statutory penalties of not less than $5,000.00.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
## VIOLATION OF NEW YORK STATE LABOR LAW (NATALIYA FILVARKIV)

51. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-56 above with the same force and effect as if more fully set forth herein.

52. Defendants are employers in the State of New York and thus are subject to the New York State Labor Laws in general and the Minimum Wage Act, *inter alia*.

53. Levan typically worked for roughly forty eight (48) hours per week.

54. Levan provided home health care aide services – other than companion services – to his assigned patient including, without limitation, doing laundry, shopping, cleaning the apartment, cooking, feeding and bathing the patient. These services took up more than twenty percent (20%) of the time Levan spent with the patient.

55. Levan's base pay was $10 per hour.

56. At all material times mentioned herein, Defendants failed and refused to pay to Levan the mandated overtime pay of minimum $15 for overtime work in excess of 40 hours worked per week. The mandated pay of rate is 1.5 times the straight rate at the time of employment

57. Defendants' systematic and ongoing failure to pay legally mandated overtime wages was not the result of a good faith mistake.

58. Based upon the foregoing, Levan has been damaged – and Defendants are liable – in an amount to be determined at trial but not less than $10,400 plus liquidated damages (for unpaid overtime wages) of not less than $10,400 plus attorney's fees, costs and disbursements.

**WHEREFORE**, based upon the foregoing causes of action, Plaintiff requests the Court award the damages sought in each individual cause of action as to be determined at trial as follows:

1. For YAKOV GOLDBERG - $ 42,440 FOR THE FIRST, SECOND AND THE THIRD CAUSES OF ACTION;

2. For YAKOV GOLDBERG - $31,000 FOR THE FOURTH, FIFTH AND SIXTH CAUSES OF ACTION;

In addition Plaintiff respectfully requests judgment awarding statutorily mandated attorney's fees under FLSA together with prejudgment interest, costs and disbursements.

Law Office of David A. Feinerman,

By:___d.f/3320_____
David A. Feinerman, Esq.-d.f./3320
2765 Coney Island Avenue, 2nd floor
Brooklyn, NY 11235
(718) 646-4800
(718) 646-5770 facsimile (not
for Service of legal documents